**Patrick Kennedy, Appellant, v. City of Chicago, Appellee.**

**Gen. No. 14,003.**

1. INSTRUCTIONS—*upon doctrine of assumed risk approved.* An instruction with respect to the doctrine of assumed risk as follows, approved:

"The jury are instructed that the plaintiff in becoming an employe of the defendant as a laborer assumed the ordinary risks, hazards and dangers incident to the work in which he was engaged, and if you believe from the evidence that the plaintiff was injured by reason of the caving in of the earth in a ditch in which he was working, and that the risks, hazard or danger of such caving in was an ordinary one, incident to the work, then plaintiff cannot recover, and the jury must find the defendant * * * not guilty."

2. INSTRUCTIONS—*upon duty to decide case according to evidence and instructions of court approved.* An instruction upon this subject as follows, held subject to some criticism but not a reason for reversal.

"The court instructs the jury that in considering this case, it is not only your duty to decide the case according to the weight of the evidence, but it is also your duty to decide it according to the law as given you by the court, applied to the evidence. While it is true that the attorneys for the respective parties may state to you what they believe the law to be and base arguments thereon, still under your oaths and under the law you have no right to consider anything as law except the court gives you an instruction in writing to that effect, or in other words, you should consider only that as law which is given you by the court in his written instructions, and decide the case accordingly."

Trespass on the case. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed October 8, 1908.

RICHOLSON & LEVY, for appellant; C. STUART BEATTIE, of counsel.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellee; EDWARD C. FITCH, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of *nil capiat* and for costs against the appellant, who was plaintiff below, and in favor of the city of Chicago, who was the defendant below.

The action was for personal injuries suffered by the plaintiff while working as a laborer for the city in a ditch on Elburn avenue between Ashland avenue and Laflin street in said city. He was engaged with other laborers in digging a trench five or six feet deep, in which to lay a water-main pipe, and also in finding taps in an old and smaller main laid four or five feet below the new one, so that the house connections would be made with the new pipe.

The plaintiff, under orders, was digging and looking for a tap in this trench, when a portion of its north bank caved in from the top. . The plaintiff was covered by the clay to some point on his body, concerning which the witnesses differ. The plaintiff, who was confirmed by another witness, says he was covered up to his head. Several of his ribs were broken, and he was at

the hospital two weeks and confined to his bed a longer time, and claims to have been permanently injured.

The plaintiff's claim against the city was based on the proposition that the plaintiff was ordered to work in the trench at a point where it was unsafe and not properly protected against the cave or slide which occurred. The defense, outside of the question as to the extent of the injuries, was based upon the proposition that the conditions showed no negligence in setting the plaintiff to work at this point without shoring or bracing in the trench, and that whatever risk of an accident like this existed was assumed by the plaintiff, who had been doing ditch work and making tap connections for the city for six or seven years, and had worked for it altogether seventeen or eighteen years. He had been working in this particular excavation for about two weeks, and within thirty feet of the place of the accident on the last working day before. He was familiar, therefore, with the soil through which the excavation ran.

It is unnecessary to discuss the evidence on these questions involved, for they were plainly for the jury and they were left to the jury. A peremptory instruction for the defendant was denied. It is sufficient to say that a consideration of the evidence does not show that we should be justified, on the ground that it was against the manifest weight of the evidence, in disturbing the verdict rendered by the jury for the defendant.

The only question that remains, therefore, is whether the instructions contained reversible error. We do not think they did.

The plaintiff tendered two only, which were both given. The defendant tendered nine, which were all given. Three of them are complained of by the plaintiff. The first of these three is the following:

"The jury are instructed that the plaintiff in becoming an employe of the defendant as a laborer as-

sumed the ordinary risks, hazards and dangers incident to the work in which he was engaged, and if you believe from the evidence that the plaintiff was injured by reason of the caving in of the earth in a ditch in which he was working, and that the risks, hazard or danger of such caving in was an ordinary one, incident to the work, then plaintiff cannot recover, and the jury must find the defendant, the city of Chicago, not guilty.''

The appellant says: ''This was all the law given in any instruction as to the duty of the master or the reciprocal duty of the servant during the employment, and of course does not touch our theory of *special* hazard, so fully declared in the Haenni case.''

The doctrine referred to in the Haenni case, 146 Ill. 626, is thus quoted from that case by the appellant's counsel:

''As to the master's duty to give notice, the law is that if there are latent defects or hazards, incident to an occupation, of which the master knows or ought to know, and which the servant from ignorance or inexperience is not capable of understanding and appreciating, it is the duty of the master to warn or inform the servant of them.''

We do not think there is anything in the instruction inconsistent with the doctrine of the Haenni case. It speaks of ''ordinary hazards,'' not latent or special ones, and compels the jury to find the hazard of ''caving in,'' ''an ordinary one, incident to the work,'' before they could find the defendant not guilty under it.

Neither in the declaration nor in any instruction offered by the plaintiff was there any indication of a theory that the danger of caving in was one which ''the master knew or ought to have known,'' and which ''the servant from ignorance or inexperience was not capable of understanding and appreciating.''

Nor in our opinion did the evidence tend to support any such theory. If the plaintiff relied on it and wanted an instruction on assumption of risk supple-

menting the one given, which certainly stated the law correctly as far as it went, he should have asked for it.

The second instruction complained of is this:

"The court instructs the jury that in considering this case, it is not only your duty to decide the case according to the weight of the evidence, but it is also your duty to decide it according to the law as given you by the court, applied to the evidence. While it is true that the attorneys for the respective parties may state to you what they believe the law to be and base arguments thereon, still under your oaths and under the law you have no right to consider anything as law except the court gives you an instruction in writing to that effect, or in other words, you should consider only that as law which is given you by the court in his written instructions, and decide the case accordingly."

We think the last clause in this instruction is unfortunately worded, but we do not think it misled or could have misled the jury as applied to this case at all. It meant to them undoubtedly what the first half of the instruction correctly expressed—that it is to the court and not to the lawyers that they were to look for the law; that they were not, as they would have been in a criminal case, judges of the law as well as of the facts; that they were bound to consider that to be the law which the court told them was the law, and were not bound to believe that to be the law which the counsel in their arguments might assert to be the law. So understood the instruction stated entirely correct principles, and it cannot be presumed that it was understood otherwise, or that the jury believed that the whole field of the law had been covered by the court in his instructions, and that they were not at liberty to ask even for further enlightenment on any subject.

We do not think that the instruction concerning the due care required by the plaintiff was erroneous or so inapplicable as to mislead the jury or prejudice the plaintiff.

The judgment of the Superior Court is affirmed.

*Affirmed.*